**MEYERS, Exr v YOUNG et**

Ohio Appeals, 1st Dist, Hamilton Co
No. 3806. Decided March 23, 1931

Gatch, McLaughlin & Gatch, and A. A. Rendings, Jr., Cincinnati, for Meyers, Exr.

Dempsey & Dempsey, Cincinnati, for Young et.

HAMILTON, J.

A proceeding to set aside a will is a special proceeding and is an action in rem. The question is, is the instrument probated the last will of the testator, the issue being made up by the court on the filing of the petition. The proposition being before the court, the law provides that the jury shall determine the issue.

A discussion of the procedure, the rights of the parties, and the nature of the case will be found in **Perrine, v Perrine, 18 Oh Ap, 467.** Whether or not separate legatees under a will are united in interest within the meaning of §11,256, GC, admits of grave doubt. The interest is individual and personal. It could only be claimed that they are parties united in interest in that all would be interested in sustaining the will, but the individual legatees or the next of kin of the deceased are entitled under the law to have the will passed upon by the jury, and, as heretofore stated, it is a proceeding **in rem.**

Passing the point, it would seem clear that if they were united in interest, that the interested party might waive by the failure to unite. **Graphophone Company v Slawson, 100 Oh St, 473.**

As shown in the case of Perrine v Perrine, supra, interested parties who are not made parties will not be deprived of their rights by the proceeding, if not joined. It will not defeat the verdict and judgment on the issue made as to whether or not the instrument is the last will and testament of the testator, since any party interested may bring the case before the court and have the question adjudicated.

In the case before us the only absent parties in the error proceeding were the devisees and legatees under the will, which will was set aside by the jury. Such devisees and legatees did not prosecute error with the exception of the Executor and Meyers, Jr., the residuary legatee. Clearly they waived all rights in the error proceeding. If the reviewing court should reverse the judgment, setting aside the will, it

would be a result favorable and not adverse to their interests, so that such devisees and legatees would be in nowise injured by the error proceeding.

We are of opinion, therefore, that they are not necessary parties to the review of the case, and the motion to dismiss the petition in error is overruled.

Coming now to the merits of the case, on the proceeding in error:—The court is unanimous in the opinion that the verdict and judgment are manifestly against the weight of the evidence. Since the case will have to be retried, we refrain from commenting on the evidence.

We find no other prejudicial error in the record.

. The judgment of the Court of Common Pleas will be reversed, and the cause remanded for a new trial.

ROSS, PJ, and CUSHING, J, concur.